## WISCONSIN & MICHIGAN TRANSP. CO. v. PERE MARQUETTE LINE STEAMERS.

### No. 4800.

Circuit Court of Appeals, Seventh Circuit.

Dec. 22, 1933.

Francis Bloodgood, Jr., Eric W. Passmore and Samuel Becker, all of Milwaukee, Wis., for appellant.

Giles F. Clark and Frank P. Burke, both of Milwaukee, Wis., for appellee.

Before EVANS, FITZHENRY, and PAGE, Circuit Judges.

FITZHENRY, Circuit Judge.

Appellant filed its bill to restrain and enjoin appellee from operating its steamships upon the waters of Lake Michigan between Milwaukee, Wis., and Muskegon, Mich., in competition with steamships operated by appellant between these ports.

Appellant and its predecessors had been operating a line of steamers engaged in the transportation of passengers and freight between Milwaukee and the ports of Muskegon and Grand Haven, Mich., for 30 years, 12 months out of each year. Doing so at a loss from November to March, it partially recouped from traffic handled from April till November.

Appellee operates a line of steamers across Lake Michigan from Milwaukee to Ludington, Mich. During the year 1931, appellee's operating revenues for business transacted on its lines between those ports were $13,000 less than its operating expenses. Appellee signified its intention of extending its water route to Muskegon and Grand Haven, and in the winter of 1931–1932, it began preparations for the extension of its routes. At the same time it advertised its rates would be substantially one-half of the rates charged by appellant.

Had appellant been required to charge the rates proposed by appellee upon its 1931 business, its operating expenses would have exceeded its income approximately $190,000.

In effect, the bill charges appellee with intending and threatening to operate "fighting ships" between ports which were then being served by appellant, for the purpose of ruining appellant's business; that this competition would be unlawful, and it would not be possible to accurately measure the damages appellant would sustain if appellee were permitted to enter upon the alleged program.

It is clear from the allegations of the bill that the material questions involved are whether or not appellee was intending and threatening to put "fighting ships" upon the route and put into effect unreasonably low tariff rates for service, for the purpose of ruining appellant's shipping business. Both of these questions come clearly within the jurisdiction of the United States Shipping Board, under the Shipping Act of 1916, as amended by the Merchant Marine Act of 1920 (46 USCA § 801 et seq.). The District Court in dismissing plaintiff's bill held that the issues presented were necessarily ruled by United States Navigation Co. v. Cunard Steamship Co., Ltd., et al., 284 U. S. 474, 52 S. Ct. 247, 76 L. Ed. 408. The District Court ruled properly.

It is very urgently contended that, if the matter were presented to the Shipping Board, appellant could get no relief because the bill charged appellee with intending and threatening to engage in the unfair competition alleged; that, in a similar case, the Shipping Board dismissed a petition in Chicago, Benton Harbor & South Haven Transit Co. v. Goodrich Transit Co., Complaint Docket 40, June 23, 1927, because: "The complainant does not allege that respondent has been or is violating the provisions of section 14 of the Shipping Act of 1916 ([46 USCA § 812] prohibiting the use of a fight-

ing ship), but states that complainant is informed and believes that respondent will in the future, unless prevented, operate a fighting ship. The Shipping Act permits any person to file with the Board a complaint setting forth any violation of the act. The complaint here does not set forth any violation of the act, but merely the belief or fear of the complainant that a violation of the act may occur in the future. Since no actual violation of the act is alleged, the complaint is not within the provisions of section 22 of the act [46 USCA § 821] and the cause of action therein stated, if any, is not within the jurisdiction of the Board, and the complaint should be dismissed * * *"; that therefore appellant was absolutely without relief and that equity should intervene.

A similar contention was made in United States Navigation Co. v. Cunard S. S. Co., supra, and it was there held that what the Shipping Board may have done in another case and under different circumstances would not control the disposition of the case then under consideration.

The bill in this case charged that the operation of the "fighting ships" was to be commenced in June, 1932. If appellant's fears were well founded at that time, the actual offenses against the Shipping Act had been committed during the summer of 1932, and the objection raised as to the holding of the Shipping Board in Chicago, Benton Harbor and South Haven Transit Co. v. Goodrich Transit Co., supra, would be wholly immaterial, upon an original complaint before the Shipping Board now.

It is therefore ordered that the decree of the District Court be affirmed.